GEORGE G. TUCKER, PLAINTIFF, v. ALLSTATE INSURANCE CO., THIRD-PARTY PLAINTIFF, v. MOTOR CLUB OF AMERICA, THIRD-PARTY DEFENDANT.

Superior Court of New Jersey
Law Division Bergen County

November 15, 1982.

*William J. Pollinger* for plaintiff (*DeLorenzo & Pollinger,* attorneys).

*Victor C. Harwood, III* for defendant Allstate Insurance Company (*Harwood, Lloyd, Ryan, Coyle & McBride,* attorneys).

*Jerome S. Lieb* for defendant Motor Club of America (*Lieb, Berlin & Kaplan,* attorneys).

SMITH, HARVEY, J.S.C.

In this suit plaintiff George Tucker seeks payment of medical expenses incurred as a result of injuries he received in an automobile accident on November 27, 1977. Defendant Allstate Insurance Company filed a third-party complaint against Motor Club of America alleging M.C.A. is obligated to contribute toward P.I.P. payments. Both carriers move for summary judgment.

The undisputed facts are as follows:

In 1977 George Tucker sought insurance under the Assigned Risk Plan (Plan). The producer of record, Joseph C. Hishon (Producer), forwarded a completed application and a check for the required premium deposit, drawn on the Producer's account, to the Plan. The Plan reviewed the application and issued a notice of designation to Motor Club of America (M.C.A.) direct-

ing them to issue a policy effective October 7, 1977. M.C.A. received the application and deposited the Producer's check on October 18, 1977. By letter dated October 19, 1977, the Producer notified M.C.A. that Tucker's check to him had been returned for insufficient funds and requested cancellation of the policy. At that time a policy number had been assigned by M.C.A., but no policy had been written and forwarded to Tucker. On November 14, 1977 M.C.A. mailed a letter to Tucker purporting to rescind the policy of insurance for nonpayment of premium deposit. Less than two weeks later, on November 27, 1977, Tucker suffered injury in an automobile accident while driving a rental car. Allstate, the insurer of Tucker's mother's automobile, seeks 50% contribution from M.C.A. on the basis that notwithstanding the unpaid check, acceptance of the application and the Producer's good check were enough to obligate M.C.A. On the other hand, M.C.A. contends that because Tucker's check was returned, the notice of designation was not effective, and the fact that the Producer paid the premium is not material.

The issue is whether receipt of a notice of designation accompanied by a completed application and deposit premium from the Assigned Risk Plan obligates the insurance company to comply with the notice of cancellation provisions of the policy under *N.J.A.C.* 11:3–1.19.

*N.J.A.C.* 11:3–1.14 provides that upon receiving a completed application and deposit premium from the Plan an insurance company shall issue either a policy or binder within 15 days. A company may appeal to the Governing Committee. *N.J.A.C.* 11:3–1.20(c). A risk cancelled for nonpayment of premium pursuant to *N.J.A.C.* 11:3–1.19(b)(5) is entitled to notice before the effective date of cancellation. If no cure is effected, the risk suffers a monetary penalty when reapplying. *N.J.A.C.* 11:3–1.21(c). The risk has no right to appeal the cancellation. *N.J.A.C.* 11:3–1.20(A).

The Assigned Risk Plan was intended by the Legislature to fairly distribute poor risks among insurance companies and to

enable poor risks to obtain insurance at a fair rate. The No-Fault Insurance Act should be construed liberally to effectuate its remedial purposes. *Amiano v. Ohio Cas. Ins. Co.*, 85 *N.J.* 85, 90 (1981).

Section 19(B)(2) of the New Jersey Automobile Insurance Plan contemplates notice of cancellation and an opportunity to cure in the first 60 days of a policy.

In *Miney v. Baum*, 170 *N.J.Super.* 282, 291 (Law Div.1979), a 60-day binder had been issued pending negotiation between the broker, the company and the risk. No premium was ever billed or paid, yet the court ruled that the company must provide coverage. Lack of payment was no impediment to that ruling.

In the instant case M.C.A. never billed Tucker for a premium but sought to rescind the policy upon request of the Producer. It has been held that a broker cannot reinstate *effectively* cancelled policies (compliance with notice) or extend the time to pay premiums. *Weathers v. Hartford Ins. Group*, 153 *N.J.Super.* 563 (App.Div.1977). It follows that a broker cannot direct an insurance company to cancel a policy without affording the risk an opportunity to cure the defect.

In *Application of the Insurance Company of North America*, 102 *Misc.2d* 1119, 425 *N.Y.S.2d* 479 (Sup.Ct.1980), the court held that nothing in *N.J.A.C.* 11:3–1.19 would allow an insurance company to cancel a policy because of a dishonored check that was not tendered for a premium then due, and because of this and defective notice the insurance was in effect.

M.C.A. had collected the deposit. No premium was due at the time the cancelling letter was sent, and the cancelling letter was so materially defective that Tucker was without any knowledge of his right to cure the defect. There is no evidence of fraud or mistake that would allow M.C.A. to rescind the policy. *N.J.A.C.* 11:3–1.19(F).

Judgment will be in favor of Allstate Insurance Company requiring Motor Club of America to share in the liability.