178 N.J. Super. 607 (1981)
429 A.2d 1082
ERIC WOOD, PLAINTIFF-APPELLANT,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted April 28, 1981.
Decided May 11, 1981.
*608 Before Judges FRITZ, POLOW and JOELSON.
Celentano & Stadtmauer, attorneys for appellant (Arnold L. Stadtmauer, on the brief).
Rooney, Peduto & Rooney, attorneys for respondent (Charles A. Rooney, Jr., on the brief).
The opinion of the court was delivered by JOELSON, J.A.D.
Plaintiff was injured when a motorcycle which he was operating became involved in an accident with an automobile. He instituted an action in which, among other things, he sought personal injury protection coverage benefits from defendant insurance company. The trial judge granted summary judgment in favor of defendant, from which judgment plaintiff appeals. We affirm.
Plaintiff claims that he is entitled to coverage under the terms of an automobile insurance policy with personal injury protection benefits issued by defendant company to one Susan *609 Mara. He bases his contention on N.J.S.A. 39:6A-4 which extends personal injury protection coverage to "the named insured and members of his family residing in his household who sustained bodily injury as a result of an accident involving an automobile...." The facts are not in dispute. Plaintiff and Ms. Mara were not married on the date of the accident, July 4, 1977. However, they were living together and had lived together in a rented one-family house for about 3 1/2 years prior to the accident. They wed in January 1979.[1]
With respect to legislation involving automobile insurance our Supreme Court has endorsed "liberality in effecting the broadest protection of auto accident victims consistent with the language of the pertinent statute." Motor Club of America Ins. Co. v. Phillips, 66 N.J. 277, 293 (1974). This same language was quoted as the court's "settled policy in the area of automobile insurance...." Weathers v. Hartford Ins. Group, 77 N.J. 228, 240 (1978). Nevertheless, our liberality cannot be so unconfined as to permit us to ignore clear and unambiguous language in a statute. As pointed out in Motor Club of America Ins. Co., and Weathers, both supra, we must produce a result which is consistent with the language of the pertinent statute. The pertinent statute here, N.J.S.A. 39:6A-4, extends coverage to members of the family of the named insured. We would be in disregard of the clearly expressed legislative intent if we were to open up the statute so as to extend its benefits to a friend of the insured, no matter how close and intimate that friendship might be.
Plaintiff contends, however, that the word "family" within the context of the legislation should not be construed so narrowly as to exclude him from its benefits, and in so urging he relies on Brokenbaugh v. N.J. Mfrs. Ins. Co., 158 N.J. Super. 424 (App.Div. 1978). In that case, N.J.S.A. 39:6A-4 was construed so *610 as to extend coverage to a plaintiff who, together with her mother, lived in the household of an insured to whom her mother was not married and who was not plaintiff's father. The court held that plaintiff was a member of the insured's family residing in his household within the intendment of the statute. However, the rationale of the court's holding was that plaintiff was a ward or foster-child of the insured within the terms of the personal injury protection endorsement to the policy approved by the Commissioner of Insurance. The court stated that the fact that plaintiff's mother and the insured were not married "should not affect the relationship which plaintiff had with Colburn [the insured] in this context." Id. at 430. Furthermore, in Brokenbaugh the court emphasized the fact that plaintiff child called the insured "Daddy" and looked solely to him for her support. In the case under review, the insured was not economically dependent on plaintiff. As a matter of fact, plaintiff's depositions reveal that he and Ms. Mara shared expenses about equally.
Affirmed.
NOTES
[1] The automobile which defendant insured was originally owned by plaintiff, but he gave it to Ms. Mara as a birthday present in March 1975. At the time of plaintiff's accident, title to the automobile was in Ms. Mara's name, as was the insurance policy covering that vehicle.