208 N.J. Super. 152 (1986)
505 A.2d 160
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, PLAINTIFF-APPELLANT,
v.
JULIA A. PIZZI A/K/A JULIA MERKIN & STEVEN MERKIN A/K/A STEVEN MERKER (NOMINAL DEFENDANT ONLY) & AMERICAN ARBITRATION ASSOCIATION, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued December 9, 1985.
Decided January 7, 1986.
*153 Before Judges FURMAN, COHEN and ASHBEY.
Michael D. Kirby argued the cause for appellant (Campbell, Foley, Lee, Murphy & Cernigliaro attorneys, Michael D. Kirby and Robert P. McKevitt on the brief).
Steven B. Portnoff argued the cause for respondents (Steven B. Portnoff on the brief).
PER CURIAM.
The question raised by this appeal is whether a cohabitant is a person insured under an automobile liability insurance policy for uninsured motorist benefits (UM). The trial court held that defendant Pizzi was entitled to such benefits under the terms of the policy issued by plaintiff insurance company, State Farm, to Steven Merkin, Pizzi's cohabitant. We hold to the contrary and reverse.[1]
Procedurally, the matter comes about through Pizzi's demand for arbitration. State Farm filed an order to show cause in the Superior Court why defendant's claim should not be dismissed. The trial court dismissed the order to show cause and complaint of State Farm and remanded the matter back to the American Arbitration Association to proceed with Pizzi's claim.
The facts material to this appeal are not in dispute. Defendant, Julia Pizzi, resides with Steven Merkin, a named insured on the policy in question. Her driver's license, her checking account, *154 certain check cashing cards and other indicia of identification are in the name of "Julia Merkin". She alleges sustaining a compensable injury because a hit and run motorist forced her bicycle into a parked car, causing her to be injured. The trial judge found that
[a]lthough Steven and Julia Merkin are not legally married they reside together and hold themselves out as husband and wife in light of the foregoing. The UM endorsement provides coverage to "the named insured and any designated insured and, while residents of the same household, the spouse and relatives of either."
A fair reading of that provision will provide coverage to Julia A. Pizza, [sic] also known as Julia A. Merkin.
In order to recover, Pizzi must establish under the UM endorsement that she is a "spouse" or "relative" of Merkin, the named insured. We would also conclude for purposes of this appeal that under the terms of the policy, she could recover if found to be a "family member" which is defined to be "a person related to [Merkin] by blood, marriage or adoption who is a resident of [Merkin's] household. This includes a ward or foster child." (This is the policy's definition of persons covered under the original UM language as well as the original language providing medical payment coverage.)[2]
In support of defendant's contention that a cohabitant is a "spouse" or "relative" or "family member" within the meaning of the policy, defendant cites Brokenbaugh v. New Jersey Mfrs. Ins. Co., 158 N.J. Super. 424 (App.Div. 1978) and James by Robertson v. Allstate Ins. Co., 201 N.J. Super. 299 (App.Div. 1985). In Brokenbaugh, the court determined that a child of a cohabitant who lived with named insured was entitled to UM benefits under the name insured's policy. The court relied upon the definition of "relative" in PIP coverage as including "a person related to the named insured by blood, marriage or adoption (including a ward or foster child) who is a resident of *155 the same household as the named insured." Id. 158 N.J. Super. at 428. Examining the facts in Brokenbaugh, the court concluded that the plaintiff child of a cohabitant was dependent upon the named insured, and had the status of "ward" or "foster child". Accordingly, the child was a "relative" for purposes of UM coverage. Id. at 434.
In James the question was whether the child of the cohabitant lost his status as a member of the "family" of the named insured because he was not dependent upon the named insured and continued to be supported by the parent with whom he did not live. The court concluded that the child of the named insured's cohabitant was still a "family" member for purposes of PIP coverage. 201 N.J. Super. at 306.
The law, however, is different for a cohabitant who cannot be considered a "ward" or "foster child" of the named insured. In Wood v. State Farm Mut. Ins. Co., 178 N.J. Super. 607 (App. Div. 1981), the court expressly held that an adult cohabitant is not a member of the "family" of the named insured for purposes of PIP coverage, stating
With respect to legislation involving automobile insurance our Supreme Court has endorsed "liberality in effecting the broadest protection of auto accident victims consistent with the language of the pertinent statute." Motor Club of America Ins. Co. v. Phillips, 66 N.J. 277, 293 (1974). This same language was quoted as the court's "settled policy in the area of automobile insurance...." Weathers v. Hartford Ins. Group, 77 N.J. 228, 240 (1978). Nevertheless, our liberality cannot be so unconfined as to permit us to ignore clear and unambiguous language in a statute. As pointed out in Motor Club of America Ins. Co., and Weathers, both supra, we must produce a result which is consistent with the language of the pertinent statute. The pertinent statute here, N.J.S.A. 39:6A-4, extends coverage to members of the family of the named insured. We would be in disregard of the clearly expressed legislative intent if we were to open up the statute so as to extend its benefits to a friend of the insured, no matter how close and intimate that friendship might be.
[Id. at 609].
Although the Wood case involved PIP benefits and not UM coverage, we find its reasoning and analysis persuasive. PIP and UM terms have been construed as in pari materia. Brokenbaugh v. New Jersey Mfrs. Ins. Co., 158 N.J. Super. at 434. Clearly, defendant does not come within any recognized definition of "spouse". See Lopez v. Santiago, 125 N.J. Super. 268, *156 270 (App.Div. 1973). We further find defendant's reliance upon cases recognizing a cause of action between cohabitants misplaced. To the contrary, no case in New Jersey calls a cohabitant a "spouse" or "relative". While there may be grounds for recovery based upon breach of contract between cohabitants, our courts continue to preserve the distinction between those who are married and those who are not. Crowe v. DeGioia, 90 N.J. 126 (1982); Kozlowski v. Kozlowski, 80 N.J. 378 (1979). We are satisfied that whether considered under the definition of "spouse", "relative" or "family member" defendant is not covered under the UM endorsement of Merkin's automobile liability policy, "no matter how close and intimate [their] friendship might be." Wood v. State Farm Mut. Ins. Co., 178 N.J. Super. at 609. We are satisfied therefore benefits should not be extended to defendant.
We recognize that the juxtaposition of these cases may seem to lead to an anomalous result. For instance, if Pizzi's child had been injured in the same accident, Merkin's policy might appear to cover the child and not the mother for UM benefits. It is our conclusion that the language of the policy and our prior case law mandate this result, and we do not find this exclusion contrary to expressed legislative intent.
Reversed.
NOTES
[1] This ruling makes it unnecessary to consider plaintiff's other points on appeal.
[2] We do not pass upon the insurer's attempts to replace the original "family member" with the more limited "spouse" or "relative" in the UM endorsement provisions, but construe the policy in its broadest coverage. See Lundy v. Aetna Cas. & Ins. Co., 92 N.J. 550, 555 (1983) and N.J.S.A. 39:6A-4.