294 N.J. Super. 193 (1996)
682 A.2d 1225
KEVIN SHUMAN, PLAINTIFF-APPELLANT,
v.
MARKET TRANSITION FACILITY, WARNER INSURANCE COMPANY AND ITS SERVICING CARRIER, MATERIAL DAMAGE ADJUSTMENT CORPORATION, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued September 10, 1996.
Decided October 4, 1996.
*194 Before Judges HAVEY, BROCHIN and KESTIN.
Dara A. Quattrone argued the cause for appellant (McAllister, Westmoreland, Vesper, Schwartz, Hyberg & White, attorneys; Ms. Quattrone and Keith T. Smith, on the brief).
Ronald J. Freeman argued the cause for respondents (Freeman, Zeller & Bryant, attorneys; Joel B. Silver, on the brief).
The opinion of the court was delivered by HAVEY, P.J.A.D.
In this insurance coverage case, plaintiff appeals from a summary judgment order dismissing his complaint in which he demanded personal injury protection (PIP) and uninsured motorist (UM) coverage under a policy issued by defendants to Jennifer Needles. Plaintiff had sustained injuries in an automobile accident while a passenger in an uninsured vehicle operated by Jerry Jorgenson. At the time of the accident, he and Jennifer were unmarried cohabitants. They had lived together for over eight years and have three children. Defendants denied coverage because plaintiff was not a "family member" as defined under the PIP and UM endorsements. The motion judge agreed.
On appeal, plaintiff contends that (1) under Dunphy v. Gregor, 136 N.J. 99, 642 A.2d 372 (1994), he should be considered a family member under Jennifer's policy; (2) we should apply the "common" meaning of family, which would include him in Jennifer's family; and (3) providing PIP and UM coverage to him is consistent with the remedial purpose of the no-fault law. We reject each contention and affirm.
*195 The PIP endorsement under defendants' policy provides that the carrier will pay for reasonable medical expenses sustained by an "insured." The term "insured" includes "family member[s]" of the named insured. "Family member" is defined as "a person related to you by blood, marriage or adoption who is a resident of your household." The UM endorsement uses the same definition of "insured" and "family member" as is contained in the PIP endorsement.
Under New Jersey's no-fault law, every automobile liability policy must provide PIP coverage "to the named insured and members of his family residing in his household...." N.J.S.A. 39:6A-4. N.J.S.A. 17:28-1.1, which regulates UM coverage, contains no such language. Plaintiff urges that because "family member" is not defined in either statute, we should give the term the broadest application, consistent with the statutory language and remedial purpose of the no-fault legislation. See Amiano v. Ohio Cas. Ins. Co., 85 N.J. 85, 90, 424 A.2d 1179 (1981); Handler v. State Farm Mut. Auto. Ins. Co., 253 N.J. Super. 641, 646, 602 A.2d 796 (App.Div. 1992). Thus, plaintiff argues, we should consider changing social mores concerning "families" and recognize that plaintiff's relationship with Jennifer constitutes a "family" unit for purposes of no-fault coverage.
However, we have expressly held that an unmarried cohabitant is not a member of the insured's family living in his household for purposes of PIP coverage. See Wood v. State Farm Mut. Auto. Ins. Co., 178 N.J. Super. 607, 609, 429 A.2d 1082 (App.Div. 1981). This is so because courts cannot ignore the clear and unambiguous language in the PIP statute which requires coverage only to traditional family members, despite our liberality in affording broadest protection to accident victims. Ibid. We reasoned in Wood:
We would be in disregard of the clearly expressed legislative intent if we were to open up the statute so as to extend its benefits to a friend of the insured, no matter how close and intimate that friendship might be.
[Ibid.]
*196 In State Farm Mut. Auto. Ins. Co. v. Pizzi, 208 N.J. Super. 152, 505 A.2d 160 (App.Div. 1986), we adopted Wood's reasoning in the context of UM coverage, concluding that an unmarried cohabitant was not the "spouse" or "relative" of the named insured and thus no coverage was offered, "`no matter how close and intimate that friendship might be.'" Id. at 156, 505 A.2d 160 (quoting Wood, supra, 178 N.J. Super. at 609, 429 A.2d 1082). See also Handler, supra, 253 N.J. Super. at 647, 602 A.2d 796 ("people who live together, while not married, will not be deemed to be family or relatives for insurance coverage purposes"). We have no reason to depart from this well-founded precedent.
Plaintiff contends that we should nevertheless expand the concept of "family member" in view of our Supreme Court's recent declaration in Dunphy, supra, 136 N.J. 99, 642 A.2d 372, that a plaintiff who witnessed her fiance being struck by a car could sue for negligent infliction of emotional distress. Id. at 102-03, 115, 642 A.2d 372. Dunphy reasons that an unmarried cohabitant should be afforded the protection of "bystander liability" based on the "existence of an intimate familial relationship" between the plaintiff and the victim of defendant's negligence. Id. at 111, 642 A.2d 372.
The motion judge here rejected plaintiff's reliance on Dunphy, concluding that Dunphy "really doesn't apply in a contract setting." We agree. Dunphy's holding was predicated on the expansion of the duty owed to bystanders under tort law, originally enunciated by the Court in Portee v. Jaffee, 84 N.J. 88, 417 A.2d 521 (1980); it was not intended to redefine the family unit for purposes of contract or statutory interpretation.
In fact, we so held in our opinion in Dunphy v. Gregor, 261 N.J. Super. 110, 121-22, 617 A.2d 1248 (App.Div. 1992), aff'd, 136 N.J. 99, 642 A.2d 372 (1994), when we observed:
The definition of "relative," a term corresponding to "familial," has been dealt with by the Appellate Division in cases involving automobile insurance. In applying statutory language, interpreting the terms of contracts of insurance, and divining the expectations of parties to those contracts, different panels have reached a variety of results in dealing with the technical intricacies of personal *197 injury protection and uninsured and underinsured motorist coverage. These cases, which are based on principles of contract construction, are not useful in developing an understanding of the policies that inform the standards governing tort law.
[Citations omitted.]
We adhere to that distinction and thus find Dunphy inapplicable here.
Equally unavailing is plaintiff's reliance on Brokenbaugh v. New Jersey Mfrs. Ins. Co., 158 N.J. Super. 424, 386 A.2d 433 (App.Div. 1978). There, the plaintiff-claimant was the daughter of a woman who lived with the named insured, and it was undisputed that plaintiff was a member of the insured's household. Id. at 428, 386 A.2d 433. We found that plaintiff was entitled to PIP coverage as a member of the insured's household because she was a de facto ward or foster child of the insured within the terms of the PIP endorsement, which expressly covered a "relative" including persons "related to the named insured by blood, marriage or adoption (including a ward or foster child)." Id. at 428-29, 386 A.2d 433. What was also critical to the Brokenbaugh court was the economic dependence of the child on the named insured. Id. at 430, 386 A.2d 433. No such ward, foster child-parent relationship exists here, nor has it been claimed that plaintiff is economically dependent upon Jennifer. See also Wood, supra, 178 N.J. Super. at 610, 429 A.2d 1082.
Affirmed.