DANIEL AMIANO, PLAINTIFF-RESPONDENT, v. THE OHIO
CASUALTY INSURANCE COMPANY,
DEFENDANT-APPELLANT.

Argued October 6, 1980—Decided January 28, 1981.

*Alan H. Bernstein* argued the cause for appellant (*Brach, Eichler, Rosenberg, Silver, Bernstein & Hammer,* attorneys; *Lance A. Posner* on the brief).

*Jac B. Weiseman* argued the cause for respondent (*Blume and Weiseman,* attorneys).

*Jerome S. Lieb* submitted a brief on behalf of *amicus curiae* National Association of Independent Insurers (*Lieb, Berlin & Kaplan,* attorneys).

The opinion of the Court was delivered by

SULLIVAN, J.

This case presents the question whether the personal injury protection (PIP) endorsement, a mandatory part of every New Jersey automobile liability insurance policy under the New Jersey Automobile Reparation Reform Act (No Fault Act), *N.J.S.A.* 39:6A–1 *et seq.,* extends coverage to an insured who, while operating a commercial truck not covered by PIP,[1] is injured in an accident involving a passenger automobile. The trial court and the Appellate Division held that the insured was entitled to PIP coverage. These rulings adhered to a prior decision by the Appellate Division on the same issue, *Hoglin v. Nationwide Mut. Ins. Co.,* 144 *N.J.Super.* 475 (App.Div.1976). For reasons hereinafter set forth, we affirm.

The essential facts are undisputed. Plaintiff Daniel Amiano, while operating a commercial truck, sustained personal injuries when the truck collided with two automobiles. The accident occurred on April 3, 1977 in Green Brook Township, Somerset County. The truck was owned by plaintiff's employer-brother for whom plaintiff regularly worked as a carpenter foreman. At the time of the accident, however, plaintiff was returning home from performing some personal carpentry work not in the course of his regular employment. Consequently, his medical expenses and other losses were not covered by workers' compensation.

At the time of the accident plaintiff's wife, Marianne Amiano, was the owner of an automobile insured under a liability policy

---

[1]The No Fault Act applies only to "automobiles" as defined therein. *N.J. S.A.* 39:6A–2.

issued by defendant Ohio Casualty Insurance Company (Ohio). The policy provided PIP coverage. It is undisputed that Daniel Amiano, as a resident of the same household, was an insured under the policy. Plaintiff filed a claim for PIP benefits consisting of medical expenses, income continuation and essential services. Ohio denied the claim on the ground that plaintiff was not an "eligible injured person" as defined in section 1 of the policy since he had been driving a commercial truck at the time of the accident.[2]

Plaintiff then filed the present suit seeking compensatory damages for the benefits withheld and punitive damages based on defendant's alleged willful and wanton disregard of plaintiff's rights, together with interest, counsel fees and costs. The trial court found in favor of plaintiff and awarded him PIP benefits in the amount of $2,300. The claims for punitive damages and for costs were denied. A counsel fee of $2,258.75 was allowed, however, together with 10% interest on the amount of the award. The Appellate Division, in an unreported opinion, affirmed. Defendant's petition for certification was granted. Plaintiff's cross-petition on the issue of punitive damages was denied. 84 *N.J.* 411 (1980).

Ohio argues that plaintiff is not entitled to benefits since section 1 of the PIP endorsement contained in the Amiano policy defines an "eligible injured person" as

(a) the named insured or any relative of the named insured, if the named insured or relative sustains bodily injury

(1) while occupying, using, entering into or alighting from a private passenger automobile, or

(2) while a pedestrian, caused by a private passenger automobile or as a result of being struck by an object propelled by or from such an automobile . . . .

---

[2]Ohio paid $1,000 of plaintiff's medical expenses under section 2 of the PIP endorsement which calls for payment of medical expense benefits incurred by the insured (not exceeding $1,000) as a result of an accident involving a highway vehicle.

Ohio asserts that this limitation on eligibility is consistent with section 4 of the No Fault Act which requires every liability policy insuring an automobile as defined in the act to provide PIP benefits for "the named insured and members of his family residing in his household who sustained bodily injury as a result of an accident involving an automobile." *N.J.S.A.* 39:6A-4.

In *Hoglin v. Nationwide Mut. Ins. Co., supra,* the Appellate Division dealt with the same issue in the context of an automobile-motorcycle accident. In that case, the motorcycle operator injured in the accident was the owner of an automobile insured under a liability policy issued to him by Nationwide. He filed a claim for PIP benefits under his liability policy which Nationwide rejected because the policy contained the same definition of "eligible injured person" as is found in the Ohio policy.

The Appellate Division held that Hoglin was entitled to PIP benefits under his automobile liability policy despite the fact that he was operating a motorcycle when the accident occurred. 144 *N.J.Super.* at 481–482. The court noted that section 4 of the No Fault Act "requires the payment of PIP benefits to the named insured and members of his family 'who sustained bodily injury as a result of an accident *involving an automobile.*' " *Id.* at 480 (quoting *N.J.S.A.* 39:6A-4; emphasis in *Hoglin*). It held that this language evidenced a clear legislative intent to provide PIP coverage to insureds who sustained injury as a result of *any* accident involving an automobile.

The Appellate Division found no reasonable basis to "construe the statute as limiting coverage to accidents involving automobiles solely." *Id.* at 480. The attempt by the insurer to restrict PIP coverage to injuries incurred while occupying, using, entering into or alighting from a private passenger automobile was held to conflict with the clear statutory mandate and to be contrary to public policy. *Id.* at 481–482. The court noted that the original statutory language had limited PIP benefits to insureds "who sustained bodily injury as a result of an automobile accident," but that this provision had been amended by *L.*

1972, *c.* 203, § 3 to include broader coverage for "injury as a result of an accident involving an automobile." *Id.* at 480.

In sum, the Appellate Division held that, even though the insured under an automobile liability policy was operating a motorcycle at the time of the accident, so long as the accident involved an automobile, the insured was entitled to PIP benefits under his automobile liability policy.

Defendant Ohio (joined by *amicus* National Association of Independent Insurers) argues that the Appellate Division decision in *Hoglin* is incorrect. It concedes that the change in the statutory language from "automobile accident" to "accident involving an automobile" was made in order to broaden PIP coverage, but insists that the change does not have the broad ramifications found by the Appellate Division in *Hoglin.*

In the main, defendant relies on what it calls legislative history of the 1972 amendment and on extrinsic aids to construction which it claims support its position. Among the items submitted is an affidavit by the former Commissioner of the Department of Insurance of the State of New Jersey whose department prepared the amendment. The affidavit states that the amendment was intended to "clarify that any person in [an insured] automobile would get PIP coverage, no matter what the vehicle struck," but there was no intent to provide PIP benefits in a situation where the plaintiff was driving or was a passenger in a vehicle not covered by PIP. The affidavit also called attention to a supporting departmental memorandum relating to coverage under the No Fault Act. However, see *Dumont Lowden, Inc. v. Hansen,* 38 *N.J.* 49, 55–56 (1962).

We are not persuaded by appellant's argument. The language of the amendment, "accident involving an automobile," is clear and fully supports the construction given it in *Hoglin.* In the present situation, the Court cannot speculate as to what the Legislature may have intended by the amendment, while ignoring what it said in plain and unambiguous terms. *Dacunzo v.*

*Edgye,* 19 *N.J.* 443, 451 (1955); *International Broth. of Elec. Workers v. Gillen,* 174 *N.J.Super.* 326, 329 (App.Div.1980).[3]

Moreover, the Act itself requires us to construe its provisions liberally in order to effect the legislative purpose to the fullest extent possible. *N.J.S.A.* 39:6A-16. The No Fault Act is social legislation intended to provide insureds with the prompt payment of medical bills, lost wages and other such expenses without making them await the outcome of protracted litigation. Mandated as a social necessity, PIP coverage should be given the broadest application consistent with the statutory language.

Accordingly, we hold that under section 4 of the Act plaintiff, an insured under his wife's automobile liability policy, is entitled to PIP coverage because he sustained bodily injury "as a result of an accident involving an automobile" even though he was operating a commercial truck at the time of the accident.

Defendant argues that this construction leads to an anomalous and absurd result because it utilizes a vehicle other than the one driven by the plaintiff to determine the existence of PIP coverage. Defendant points out that under this approach, had the other vehicle here involved not been covered by PIP (such as another truck or a motorcycle), plaintiff would not have been entitled to PIP benefits.

The statute has other anomalies. A pedestrian who is an insured under an automobile liability policy, for example, would be entitled to PIP benefits if struck by an automobile but not if struck by a truck or motorcycle. In that case too, the statute looks to the "other vehicle" to determine whether or not the insured's PIP coverage applies. The random treatment of some persons under the Act is, as the Law Division noted in *Rybeck v.*

---

[3]We recognize that there have been legislative efforts to change the language in question but to date no such change has been enacted into law and the phrase "accident involving an automobile" remains in the statute. *N.J. S.A.* 39:6A-4.

*Rybeck,* 141 *N.J.Super.* 481, app. dism., 150 *N.J.Super.* 151 (App.Div.1976), a result of the "vehicle-oriented classifications" utilized by the Legislature. *Id.* at 504. In *Rybeck,* Judge Cohen correctly analyzed the problem, noting that "[s]uch classifications are, by and large, a reasonable way for the Legislature to approach the subject, and the rare pointless result does not affect this otherwise valid approach." *Id.*

The judgment of the Appellate Division is therefore affirmed.

*For affirmance* —Chief Justice WILENTZ and Justices SULLIVAN, PASHMAN, SCHREIBER,. HANDLER and POLLOCK —6.

*For reversal* —None.