PAMELA STEWART, A MINOR BY HER GUARDIAN AD LITEM, RICHARD F. STEWART; RICHARD STEWART AND DONNA J. STEWART, PLAINTIFFS-APPELLANTS, v. ALLSTATE INSURANCE COMPANY, DEFENDANT-RESPONDENT.

Argued March 17, 1986—Decided April 15, 1986.

*Thomas J. Shamy* argued the cause for appellants (*Thomas J. Shamy,* attorney, *Thomas J. Shamy* and *William J. Shipers,* on the brief).

*John Haschak, III,* argued the cause for respondent (*W. Stephen Leary,* attorney; *John G. Tinker, Jr.* of counsel).

PER CURIAM.

Plaintiff Pamela Stewart was rendered a paraplegic as a result of an automobile accident of June 7, 1981, when she was sixteen years old. She is permanently paralyzed and confined to a wheelchair. Since the accident she has succeeded in becoming an internationally-known wheelchair athlete. This suit seeks recovery for certain medical expenses under the personal injury protection (PIP) provisions of an applicable

policy of defendant, Allstate Insurance Company (Allstate). Our specific concern is whether plaintiff is entitled to recover the cost of a specially-modified van that plaintiff can operate independently. Allstate acknowledges its liability for the cost of modifications, in excess of $11,000, but disputes the approximately $8,300 basic cost of the van. The trial court granted summary judgment in favor of plaintiff. The Appellate Division reversed so much of the plaintiff's judgment as included the basic cost of the van, which Judge Dreier, in a partial dissent, would have allowed. *Stewart v. Allstate Ins. Co.*, 200 *N.J.Super.* 350 (1985). Plaintiff's appeal is therefore here as of right under Rule 2:2–1(a)(2).

The parties have couched the limited issue before us in terms of whether the basic cost of the van can be viewed as a medical expense within the meaning of the PIP provisions of the New Jersey Automobile Reparation Reform Act, *N.J.S.A.* 39:6A–1 to –20. The policy itself is not in evidence, but we assume that its coverage provisions track the statute. The definition of "medical expenses" is set forth in *N.J.S.A.* 39:6A–2(e) as follows:

> "Medical expenses" means expenses for medical treatment, surgical treatment, dental treatment, professional nursing services, hospital services expenses, rehabilitation services, X-ray and other diagnostic services, prosthetic devices, ambulance services, medication and *other reasonable and necessary expenses resulting from the treatment prescribed by persons licensed to practice medicine* and surgery pursuant to R.S. 45:9–1 et seq., dentistry pursuant to R.S. 45:6–1 et seq., psychology pursuant to P.L. 1966, c. 282 (C. 45:14B–1 et seq.) or chiropractic pursuant to P.L. 1953, c. 233 (C. 45:9–41,1 et seq.) or by persons similarly licensed in other states and nations or any non-medical remedial treatment rendered in accordance with a recognized religious method of healing (emphasis added).

Allstate argues that the cost of the van does not satisfy the foregoing statutory definition because the basic vehicle is nothing more than a convenience. It is, according to the carrier, simply a device to "serve the same transportation needs as an automobile does for every individual in our society." That contention was apparently accepted by the majority in the court below, which observed:

> The van, as the letters from the physicians point out, is intended to make plaintiff's travel more comfortable, quicker and convenient. To constitute a medical expense the nexus between the expense and desired rehabilitative endeavor must be direct and not merely for the sake of allowing greater independence or convenience. [200 *N.J.Super.* at 355.]

Although the stated conclusion may be acceptable as an abstract proposition, as applied to this case it is premised on a faulty view of the record. In support of her motion for summary judgment plaintiff submitted the reports of three treating physicians. Those of Drs. Rosenberg and Fleming might be insufficient, standing alone, to meet the statutory definition of a medical expense (the van would be "important" for both her physical and emotional well-being: Rosenberg; the "degree of self-sufficiency" afforded by the van would be "a valuable addition to her continuing development": Fleming); but there is no mistaking the import of the statement of Dr. Bid, from the Kessler Institute for Rehabilitation:

> As we know, Pam will be finishing High School pretty soon and she is also involved in active wheelchair sports and has been an internationally known figure. On account of this, the patient needs to continue to practice her wheelchair sports and needs to go to different destinations quite often. As the patient's parents do work full time, the patient needs independence of transportation from one place to the other. As she is now driving with hand controls, she needs a vehicle which should be suitable for her needs.
>
> I am enclosing a copy of the special equipment she would require in a vehicle for her to be able to drive a vehicle independently. The patient is extremely motivated in spite of her severe disability and she has been an extremely good student and a good sport.
>
> *For her emotional and physical well being, she definitely needs continuation of her independence and all of her curricular and extracurricular activities, and on account of that, she needs independent transportation* (emphasis added).

Defendant submitted no medical reports nor reports of any other experts in opposition to plaintiff's summary judgment motion; hence, the totality of the medical proof was as contained in the treating physician's report, supplemented only by affidavits of Pamela and her father.

In ruling on the summary judgment motion the trial court, Judge Imbriani, rendered a well-reasoned written opinion. First recognizing the admonition of *Amiano v. Ohio Casualty*

*Ins. Co.*, 85 *N.J.* 85, 90 (1981), that "PIP should be given the broadest application consistent with the statutory language," Judge Imbriani refined the requisite inquiry into "why the expenses are incurred, not whether one is able to conjure up potential abuses." He concluded that if the expenses are incurred simply for comfort, convenience, or other purely personal reasons, they do not meet the statutory definition of "medical expenses"; but "if they bear a reasonable relationship to a significant therapeutic benefit for a mental or physical disability and are prescribed by a doctor, they constitute medical expenses." The trial court then proceeded to its eminently sound conclusion that this record "clearly indicates" that without independent transportation, Pamela "would probably become an invalid, dependent upon her parents and society for many of her everyday living needs," wherefore the basic cost of the van met the "medical expense" test. Judge Imbriani capsulized his cautious holding as follows:

> This is not to say that once a medical expense it shall forever remain so. What this court holds is that for an 18 year old paraplegic who is "heavily involved in wheelchair sports of all types, and in order to participate, must travel frequently to various places in and out of the State," which activities presently provide great therapeutic benefits "for her emotional and physical well being," the costs of a modified van and an orthopedic lift chair constitute a medical expense payable by her PIP carrier. Her curricular and extracurricular activities were prescribed by her doctors as therapy and the modified van and orthopedic lift chair are needed not for pleasure or comfort but "for her emotional and physical well being." They are a *sine qua non* for her rehabilitation.

We agree, as did Judge Dreier in his partial dissent in the Appellate Division, 200 *N.J.Super.* at 357–60. On the basis of this record, consisting as it does of undisputed medical testimony to the effect that the van is indispensable to plaintiff's physical and emotional well-being, the basic cost of the vehicle is surely a "reasonable and necessary expense[ ] resulting from the treatment prescribed" by the treating physicians. See *N.J.S.A.* 39:6A–2(e). The "treatment" is the activity—here, in the words of Dr. Bid, the "continuation of [Pamela's] independence and all of her curricular and extracurricular activities."

The expense, the cost of the basic van as well as the modifications, results from that prescribed treatment. It is manifestly reasonable and, without contradiction in this record, necessary.

So much of the judgment below as denies plaintiff the basic cost of the van is reversed. The cause is remanded to the Law Division for entry there of a judgment conforming to this opinion.

*For reversal*—Chief Justice WILENTZ, and Justices CLIFFORD, HANDLER, POLLOCK, O'HERN, GARIBALDI and STEIN—7.

*For affirmance*—None.