216 N.J. Super. 250 (1987)
523 A.2d 663
MAYOR H. PAUL, PLAINTIFF-RESPONDENT,
v.
OHIO CASUALTY INSURANCE COMPANY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 9, 1987.
Decided March 6, 1987.
*251 Before Judges PETRELLA, BILDER and GAYNOR.
Ralph P. Catalano argued the cause for appellant (Montano, Summers, Mullen, Manuel & Owens, attorneys; Arthur Montano, of counsel).
Gerald M. Eisenstat argued the cause for respondent (Eisenstat, Gabage & Berman, attorneys).
The opinion of the court was delivered by PETRELLA, P.J.A.D.
Ohio Casualty Insurance Company (Ohio Casualty) appeals from the trial court's determination, after our remand in Paul v. Ohio Casualty Ins. Co., 196 N.J. Super. 286 (App.Div. 1984), certif. den. 99 N.J. 228 (1985), that the "Personal Injury Protection" (PIP) charges incurred for plaintiff's care, including certain incidental expenses, were reasonable.
Plaintiff, Mayor H. Paul, is a quadriplegic who requires around-the-clock attendant care. The underlying facts are set forth in our prior opinion (196 N.J. Super. 286), and need not be detailed at length here. In our earlier opinion we concluded that the cost of the attendants constituted reasonable medical *252 expenses compensable under PIP (N.J.S.A. 39:6A-2e) and reversed the trial judge's contrary determinations in that regard.
Thereafter the trial judge concluded that we had not considered the "reasonableness" of the amount of the expenses and had limited our opinion to a legal determination that costs of attendants were within the PIP coverage. He reasoned that because Ohio Casualty had previously successfully moved to dismiss those portions of the complaint relating to such expenses, it had never presented proofs at the earlier trial on the questions of reasonableness and necessity of the coordinator and attendants. He then conducted a hearing at which he found that the expenses for the coordinator and attendants were indeed reasonable and ordered their payment, as well as certain incidental expenses.
On this appeal Ohio Casualty argues that PIP charges incurred for plaintiff's care were "clearly unreasonable" and can be rendered at a lower cost, that the trial judge's contrary findings were against the weight of the evidence,[1] and that in any event the inclusion of what it characterizes as incidental expenses as medical expenses was improper. It also claims that incidental expenses such as payroll, fringe benefits and transportation do not constitute medical expenses; defendant should have some control with respect to incidental expenses; the trial judge erred in not requiring disclosure of plaintiff's tort settlement amount, and plaintiff has reaped a double recovery since the tort settlement amounts were already factored into the attendant care expenses.
*253 We note initially that the claim that the trial judge erred in not requiring disclosure of the tort settlement amount relates to an aspect of the judge's 1983 ruling which was never challenged on appeal. Hence, the appeal from that ruling is untimely. R. 2:4-1(a) and R. 2:4-4(a). Moreover, in the hearing held before the remand the trial judge had determined that PIP benefits had been specifically excluded from the settlement, and that the release that was exchanged between the parties specifically stated that such benefits were not taken into account in the settlement.
We have considered all of Ohio Casualty's contentions in light of the record and the arguments in the brief and are satisfied that they are clearly without merit. R. 2:11-3(e)(1)(A) and (E). The trial judge concluded that the incidental expenses involved are compensable under PIP because they are directly related to the delivery of attendant care in a manner and amount found to be reasonable. The judge's findings and determination that the charges for the coordinator and attendants, including the related incidental expenses, were reasonable are fully supported by sufficient credible evidence in the record. See Rova Farms Resort v. Investors Ins. Co., 65 N.J. 474, 483-484 (1974).
Parenthetically we note that the abstract term "reasonable" has a dual meaning when discussing the expenses involved in this case. In the first place, we clearly held in our former opinion that the types of services and related expenses being provided were "reasonable" in the sense that they were reasonable and necessary medical expenses. The second aspect of the term "reasonable" relates to the quantum of the amount paid for such services. The judge below essentially dealt on the remand hearing with the latter aspect. We also note our disapproval of Ohio Casualty's apparent notion that reasonable medical care means inexpensive medical care. While "inexpensive" may be a secondary dictionary meaning of "reasonable," *254 it is not the primary meaning. It is neither a meaning attributed by reasonable people to necessary medical care, nor one we attribute to the Legislative intent behind the no-fault statutes. We do not imply hereby that plaintiff may attempt to charge the PIP carrier exorbitant or unreasonable expenses for items not normally justifying great expense. Challenges on such grounds may be pursued under N.J.S.A. 39:6A-5 in the future when, and if, necessary.
Plaintiff's employment of attendants resulted in the payment of fringe benefits such as vacation pay, bonuses, health and dental insurance, workers' compensation and unemployment insurance, and generated administrative expenses such as accounting fees and bank charges. In arguing that these expenses were not medical expenses and are noncovered incidental expenses, Ohio Casualty placed primary reliance on the Appellate Division's decision in Stewart v. Allstate Ins. Co., 200 N.J. Super. 350 (App.Div. 1985), reversed 103 N.J. 139 (1986). We consider that case inapposite here. Suffice it to say that it has been reversed and hence hardly supports Ohio Casualty's position. We are satisfied that the trial judge correctly concluded these were covered expenses. Those expenses are direct expenses of the attendant services which plaintiff requires. There can be little question that fringe benefits are universally recognized as a part of wages. Indeed, certain expenses, such as workers' compensation and unemployment insurance, are mandated by law.
Ohio Casualty also attempts to characterize as noncovered incidental expenses the transportation costs involved in plaintiff's visits to his psychiatrist in Philadelphia. Such expenses are incidental to medical treatment, are required under the circumstances of this case, and are within the PIP coverage provisions of the applicable insurance policy.
Affirmed.
NOTES
[1] We note that the "weight of the evidence" standard applies to jury determinations. Dolson v. Anastasia, 55 N.J. 2, 6-8 (1969); see also R. 2:10-1. Where the findings of a trial judge are involved, the appropriate test is whether there is sufficient credible evidence in the record to support the judge's determination. Rova Farms Resort v. Investors Ins. Co., 65 N.J. 474, 483-484 (1974); Matter of Churik's Estate, 165 N.J. Super. 1 (App.Div. 1978), aff'd 78 N.J. 563 (1979).