572 A.2d 680

HAROLD FOSTER, INDIVIDUALLY AND AS GUARDIAN AD LITEM FOR DANIEL BRENT FOSTER, PLAINTIFF, v. AETNA CASUALTY AND SURETY COMPANY, DEFENDANT.

Superior Court of New Jersey
Law Division Cumberland County

March 2, 1990.

*Ritter, Hanford and Pryor,* attorneys for plaintiff (*Theodore H. Ritter.*)

*Horn, Kaplan, Goldberg, Gorny and Daniels,* attorneys for defendant (*Steven M. Horn.*)

KLEINER, J.S.C.

This matter is before the court on a motion by Aetna Casualty and Surety Company for summary judgment. Aetna seeks to deny coverage for certain out-of-pocket expenses incurred by the plaintiff. Plaintiff cross-moves for partial summary judgment claiming Aetna is liable for these expenses under the personal injury protection (PIP) provisions of its automobile insurance policy.

Harold Foster, plaintiff in this matter, purchased a personal automobile insurance policy from Aetna in 1986. During the period of Aetna's coverage, Harold's son, Daniel, was injured in an automobile accident.

After receiving emergency treatment at Elmer Community Hospital, Daniel was transferred to a hospital in Philadelphia which was equipped to treat his severe trauma which included injuries to the bone structure of his face and loss of the sight in one eye due to severance of the optic nerve.

Daniel has had and will continue to have periodic treatments and reconstructive surgeries. This on-going specialized medical treatment can only be rendered in Philadelphia as there is no medical facility in Southern New Jersey which offers the specialized services required to correct Daniel's medical problems.

Harold Foster has incurred substantial expense in obtaining the medical treatment which has been ordered by his son's physicians. This has been paid by Aetna. Additionally, he seeks reimbursement under the PIP provisions of his auto policy with Aetna, for gasoline, parking fees, bridge tolls and lost wages incurred during his trips to Philadelphia from Elmer, N.J., a distance of 35 miles.

Defendant Aetna argues that Foster's out-of-pocket expenses, both past and future, are expenses of "inconvenience," and therefore are recoverable in any claim asserted or to be asserted on behalf of the infant plaintiff against the tortfeasor who caused the collision. Additionally, Aetna contends that the parent's expenses are not medical expenses, but merely transportation expenses incurred by a third party who transports an injured person for medical treatment.

Lastly, Aetna raises considerations of public policy in denying PIP coverage for these expenses. Specifically, Aetna contends payment of such claims require the legislature to enlarge and re-define the statute so as to permit insurance companies the opportunity to adjust premiums to meet an increased insurance risk.

There appear to be no cases which specifically address the issue of PIP coverage for out-of-pocket expenses incurred by an infant's parent. However, PIP provisions are intended to compensate auto accident victims and to provide the insured with prompt payment of medical expenses, lost wages, and other expenses without waiting for the outcome of litigation. PIP should be given the broadest application consistent with statutory language. *Amiano v. Ohio Casualty Ins. Co.*, 85 *N.J.* 85, 90, 424 *A.*2d 1179 (1981).

*N.J.S.A.* 39:6A–4(a) states that PIP coverage includes "payment of all reasonable medical expenses incurred as a result of personal injuries sustained in an automobile accident." *N.J.S.A.* 39:6A–2(e) defines medical expenses as:

"Expenses for medical treatment, surgical treatment, dental treatment, professional nursing services, hospital expenses, rehabilitation services, x-ray, and other diagnostic services, prosthetic devices, ambulance services, medication, and other *reasonable and necessary expenses resulting from treatment prescribed* by persons licensed to practice medicine and surgery ..., dentistry ..., psychology.... [emphasis added].

In *Stewart by Stewart v. Allstate Ins. Co.*, 103 *N.J.* 139, 143, 510 *A.*2d 1131 (1986), the Supreme Court reversed the Appellate decision and cited with approval the trial court's opinion that the requisite inquiry centers on "why the expenses were incurred," i.e. do "they bear a reasonable relationship to the significant therapeutic benefit for a mental or physical disability and are they prescribed by a doctor?" If they were incurred for comfort or convenience or for personal reasons, they are not medical expenses.

At issue in *Stewart* was the basic cost of a van used to transport a quadraplegic to various activities. The insurer argued that the basic van was a convenience to the plaintiff, just as an auto is a convenience to an ordinary individual.

The court found, from undisputed testimony, that the vehicle was indispensable to plaintiff's physical and emotional well-being by maintaining her independence. The cost of the van was reasonable and necessary as part of the prescribed treatment for independent living.

More closely analogous to the issue confronting this court is the decision in *Paul v. Ohio Cas. Ins. Co.*, 196 *N.J.Super.* 286, 482 *A.*2d 199 (App.Div.1984), certif. den. 99 *N.J.* 228, 491 *A.*2d 718 (1985) [*Paul I*]. In *Paul I*, the court approved the costs of attendants and a health care coordinator for a quadraplegic. Though these attendants performed medically necessary therapies, they also performed physical and manual functions for Paul which enabled him to live on his own. The court found

these expenses were medical expenses under the PIP statute. In particular, they were expenses for medical treatment, rehabilitation services, and " 'other prescribed reasonable and necessary expenses resulting from the treatment prescribed' for his (Paul's) maintenance and survival." *Id.* at 299, 482 *A.*2d 199.

In *Paul v. Ohio Cas. Ins. Co.*, 216 *N.J.Super.* 250, 254, 523 *A.*2d 663 (App.Div.1987) [*Paul II*], the court approved incidental expenses (fringe benefits and administrative fees) of the attendants' medical expenses. In addition, the court approved all transportation costs involved in Paul's visits to his psychiatrist in Philadelphia.

█ Daniel Foster was only four years of age at the time of his accident. Harold Foster did not choose to travel to Philadelphia for the medical treatment of his son. His expenses were not incurred for personal reasons, or for the comfort or the convenience of Daniel. The required medical treatment simply is not available in the Elmer, New Jersey area. In addition, it appears from the record that the treatment given by the University of Pennsylvania is reasonable.

Daniel Foster could not (and cannot now) travel to Philadelphia alone. Under the analysis in both *Paul I* and *II* opinions, the expenses of a paid attendant to accompany Daniel would be reasonable, necessary, and compensable.

Had Daniel's father hired an attendant to drive him to and from Philadelphia for medical treatment due to the unavailable comparable medical treatment in the local community, the expenses incurred would be covered under *N.J.S.A.* 39:6A–4(a) and *N.J.S.A.* 39:6A–2(e), provided that he could establish that the expenses incurred were both reasonable and necessary resulting from the medical treatment prescribed for the infant. A parent should *not* be required to hire a stranger to provide transportation for an infant to avoid non-reimbursement. The parent should be deemed an "attendant" within the meaning of *Paul I* and *II, supra,* when providing transportation for an infant.

It should be noted that the legislature has had sufficient opportunity to re-define the statute to exclude such coverage as was extended by our courts in *Paul I* and *Paul II* and having failed to do so, this court need not deny the requested relief to permit the legislature to act, and thus, the policy considerations asserted by Aetna, as referred in this opinion above, need not be further addressed.

It is, however, ordered that defendant is entitled to discovery as to the expenses actually incurred so that it may raise trial issues concerning the reasonableness and necessity of the expenses incurred. Partial summary judgment is hereby granted to plaintiff.