263 N.J. Super. 151 (1993)
622 A.2d 275
ROBERT A. PLEMMONS, PLAINTIFF-APPELLANT,
v.
NEW JERSEY AUTOMOBILE FULL INSURANCE UNDERWRITING ASSOCIATION BY AND THROUGH ITS SERVICING CARRIER, SELECTIVE INSURANCE COMPANY OF AMERICA, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted February 17, 1993.
Decided March 30, 1993.
*153 Before Judges ANTELL, DREIER and VILLANUEVA.
Richard E. McMahon, attorney for appellant (Mr. McMahon, of counsel and on the brief).
Slimm, Dash & Goldberg, attorneys for respondent (Laurie Harrold Rizzo, of counsel and on the brief).
The opinion of the court was delivered by VILLANUEVA, J.S.C. (temporarily assigned).
Plaintiff appeals from a summary judgment dismissing his claim for transportation expenses, tuition expenses and essential service benefits, plus interest, asserted as part of an otherwise valid personal injury protection ("PIP") claim. We reverse the denial of transportation expenses and interest, but otherwise affirm.
On September 17, 1988, plaintiff Robert Plemmons was a pedestrian injured when struck by an automobile. Plaintiff was entitled to PIP benefits because his wife was insured by a policy of automobile insurance issued by the New Jersey Automobile Full Insurance Underwriting Association ("NJAFIUA") through its servicing carrier, Selective Insurance Company of America (collectively referred to as "defendant"). As a result *154 of the accident, plaintiff suffers from a condition known as reflex sympathetic dystrophy ("RSD"). The causal relationship of this injury to the accident was firmly established in earlier Superior Court litigation between the parties. Because of this condition, plaintiff continues to need frequent and expensive medical care.
Plaintiff claims payment of medical bills, with interest in accordance with the no-fault law regarding overdue payments. Plaintiff also seeks reimbursement for transportation expenses incurred traveling to and from the various doctors and hospitals for treatment of the injuries arising from the accident. Finally, plaintiff seeks reimbursement of the costs of "at distance" education as a medical expense, because of his alleged need for vocational retraining, and the psychological benefit that would be gained from his involvement in such vocational re-education.
Defendant moved for summary judgment on the grounds that travel expenses, as demanded by plaintiff, were not recoverable as a matter of law. Plaintiff cross-moved for summary judgment and argued that, pursuant to N.J.S.A. 39:6A-2e and 39:6A-4a, he was entitled to transportation and tuition expenses as well as other unpaid medical and essential services benefits. Additionally, plaintiff argued that he was entitled to statutory interest on all compensable claims not paid within the prescribed time limit as set forth in N.J.S.A. 39:6A-5b. In support of his cross-motion, plaintiff submitted his affidavit containing detailed medical, travel, tuition and essential services expenses.
In response to plaintiff's cross-motion for summary judgment, defendant again argued that plaintiff's transportation and tuition expenses are not compensable. Defendant also argued that all compensable claims filed by the plaintiff had been paid within the time prescribed by N.J.S.A. 39:6A-5b.
The court granted defendant's motion for summary judgment to dismiss the complaint. After noting that plaintiff's demand of $7,627.35[1] exceeded the Special Civil Part's jurisdictional *155 limitation of $5,000, the court denied plaintiff's cross-motion. Commenting on the particulars of plaintiff's motion, the court declared:
The Court is compelled to accept the competent proof offered by defendant over this vague uncertified assertion offered by the plaintiff regarding payment of medical and essential expenses.
And the only indication offered by plaintiff to counter defendant's proofs is the statement, unsupported statement, subsequent to each expense calculation, stating "Plaintiff has been unable to determine which if any of these bills has been reimbursed."[2]
........
Finally, plaintiff claims tuition expenses based on a letter from a psychiatrist, John Rushton, which states that the plaintiff "cannot pursue his previous occupation which required data input efforts that necessitated the use of both hands. I recommend he attend school to specialize in criminal justice, perhaps fraud investigation in the insurance industry, so that he could practice and/or teach same." ...
However, a letter from David Toomey indicates that plaintiff only worked approximately 5 percent of his time on a computer. Plaintiff's education and training prior to the injury indicate that he does not need to be totally reeducated. In any event, in order for plaintiff to be reimbursed, the expense must be determined to be medical in nature, and the nexus between the expense and the desired rehabilitative endeavor must be direct.
Plaintiff now appeals.

I.
Plaintiff argues that the trial court improperly concluded that, as a matter of law, transportation expenses incurred in traveling to and from prescribed medical treatment are not recoverable pursuant to N.J.S.A. 39:6A-2e and 39:6A-4a. In support of his argument, plaintiff relies upon Stewart by Stewart v. Allstate Ins. Co., 103 N.J. 139, 510 A.2d 1131 (1986); Paul v. Ohio Cas. Ins. Co., 216 N.J. Super. 250, 523 A.2d 663 (App.Div.), certif. denied, 107 N.J. 656, 527 A.2d 474 *156 (1987), and Foster v. Aetna Cas. & Sur. Co., 240 N.J. Super. 122, 572 A.2d 680 (Law Div. 1990).
N.J.S.A. 39:6A-4a, relating to the payment of medical expense benefits pursuant to PIP coverage, requires "[p]ayment of reasonable medical expenses." N.J.S.A. 39:6A-2e defines "medical expenses" as follows:
"Medical expenses" means expenses for medical treatment, surgical treatment, dental treatment, professional nursing services, hospital expenses, rehabilitation services, X-ray and other diagnostic services, prosthetic devices, ambulance services, medication and other reasonable and necessary expenses resulting from the treatment prescribed by persons licensed to practice medicine and surgery pursuant to R.S. 45:9-1 et seq., dentistry pursuant to R.S. 45:6-1 et seq., psychology pursuant to P.L. 1966, c. 282 (C. 45:14B-1 et seq.) or chiropractic pursuant to P.L. 1953, c. 233 (C. 45:9-41.1 et seq.) or by persons similarly licensed in other states and nations or any nonmedical remedial treatment rendered in accordance with a recognized religious method of healing. (Emphasis added).
These statutes must be considered in pari materia. See Miskofsky v. Ohio Cas. Ins. Co., 203 N.J. Super. 400, 409, 497 A.2d 223 (Law Div. 1984).
In Stewart by Stewart v. Allstate, supra, the Supreme Court announced that plaintiff, a teenage paraplegic who had gained a reputation as an internationally-known wheelchair athlete, was entitled to recover the basic cost of a van plus the necessary modifications after determining that such costs were reasonable and necessary medical expenses within the parameters of N.J.S.A. 39:6A-4a and 39:6A-2e. Id., 103 N.J. at 143-44, 510 A.2d 1131. The Court's reasoning was strongly influenced by the undisputed medical testimony of plaintiff's treating physician who opined:
As we know, Pam will be finishing High School pretty soon and she is also involved in active wheelchair sports and has been an internationally known figure. On account of this, the patient needs to continue to practice her wheelchair sports and needs to go to different destinations quite often. As the patient's parents do work full time, the patient needs independence of transportation from one place to the other. As she is now driving with hand controls, she needs a vehicle which should be suitable for her needs.
I am enclosing a copy of the special equipment she would require in a vehicle for her to be able to drive a vehicle independently. The patient is extremely *157 motivated in spite of her severe disability and she has been an extremely good student and a good sport.

For her emotional and physical well being, she definitely needs continuation of her independence and all of her curricular and extracurricular activities, and on account of that, she needs independent transportation (emphasis added).

[Id. at 142, 510 A.2d 1131.]
The Supreme Court, citing the reasoning employed by the trial court, defined the requisite inquiry to be "why the expenses are incurred, not whether one is able to conjure up potential abuses," id. at 143, 510 A.2d 1131, and noted that
if the expenses are incurred simply for comfort, convenience, or other purely personal reasons, they do not meet the statutory definition of "medical expenses"; but "if they bear a reasonable relationship to a significant therapeutic benefit for a mental or physical disability and are prescribed by a doctor, they constitute medical expenses."

[Ibid.]
Agreeing with the trial court's determination that without the use of the van, "Pamela `would probably become an invalid, dependent upon her parents and society for many of her everyday living needs,'" the Court concluded that the van was "indispensable to plaintiff's physical and emotional well-being." Ibid. However, recognizing the potentially broad implications of their holding, the Supreme Court emphasized the import of the plaintiff's particular circumstances by noting the trial court's "cautious holding" that:
This is not to say that once a medical expense it shall forever remain so. What this court holds is that for an 18 year old paraplegic who is "heavily involved in wheelchair sports of all types, and in order to participate, must travel frequently to various places in and out of the State," which activities presently provide great therapeutic benefits "for her emotional and physical well being," the costs of a modified van and an orthopedic lift chair constitute a medical expense payable by her PIP carrier. Her curricular and extracurricular activities were prescribed by her doctors as therapy and the modified van and orthopedic lift chair are needed not for pleasure or comfort but "for her emotional and physical well being." They are a sine qua non for her rehabilitation.

*158 [Ibid.]
Paul v. Ohio Cas. Ins. Co., supra and Foster v. Aetna Cas. & Sur. Co., supra, are also helpful in our analysis and demonstrate that while "PIP should be given the broadest application consistent with the statutory language," Amiano v. Ohio Cas. Ins. Co., 85 N.J. 85, 90, 424 A.2d 1179 (1981), a direct nexus must be established between the "desired rehabilitative endeavor" and the medical expense. The mere desire for greater independence and convenience is not enough. Stewart by Stewart v. Allstate Ins. Co., 200 N.J. Super. 350, 355, 491 A.2d 746 (App.Div. 1985), rev'd, 103 N.J. 139, 510 A.2d 1131 (1986)[3].
In Paul, we were confronted with a quadriplegic who required around-the-clock care. Id. 216 N.J. Super. at 251, 523 A.2d 663. We concluded that the plaintiff's payment of fringe benefits (including vacation pay, bonuses, health and dental insurance, workers' compensation and unemployment insurance as well as various administrative expenses including accounting fees and bank charges) incurred as a result of hiring attendants, was compensable under the PIP statute.[4]Id. at 254, 523 A.2d 663. We observed:
Those expenses are direct expenses of the attendant services which plaintiff requires. There can be little question that fringe benefits are universally recognized as a part of wages. Indeed, certain expenses, such as workers' compensation and unemployment insurance, are mandated by law.

[Ibid.]
Finally, in Foster, a parent, whose son was injured in an automobile accident and required specialized medical treatment that was only offered out-of-state, sought reimbursement under *159 the PIP provisions of his automobile insurance policy for gasoline, parking fees, bridge tolls, and lost wages incurred during his trips to Philadelphia where his son received the necessary treatment. Id. 240 N.J. Super. at 123-24, 572 A.2d 680. The Law Division determined that plaintiff could recover the above expenses pursuant to N.J.S.A. 39:6A-4a and 39:6A-2e. The court reasoned that the plaintiff's expenses were "not incurred for personal reasons, or for the comfort or the convenience" of his son. Id. at 126, 572 A.2d 680. After declaring that the hiring of an attendant to accompany his son to the treatment sessions would have been compensable under the PIP statute, and was consistent with the holdings of Paul I and II, the court reasoned that "[a] parent should not be required to hire a stranger to provide transportation for an infant to avoid non-reimbursement." Ibid.
While it may be that many accident victims do not choose to calculate and submit travel expenses of this nature, just as they may not submit each and every minor prescription bill for reimbursement, the essential causal relationship between the expense and the injuries suffered in the accident and the necessity to obtain medical care is met regardless of the size of the loss. The quality of the expense remains the same. The defendant herein has not disputed the need for the treatment nor the distance travelled for the treatment.
Plaintiff's demand to be reimbursed for transportation expenses at the rate of twenty-five cents per mile[5] because of wear and tear on his automobile may or may not be reasonable. There is a direct nexus between plaintiff's transportation costs and his ongoing rehabilitation because both are necessary as a proximate result of the accident. Even though plaintiff's list of transportation expenses is unsubstantiated, this deficiency did *160 not justify granting defendant's motion for summary judgment. Rather, it required a hearing.

II.
The plaintiff also argues that, because in a previous law suit between the parties, defendant reimbursed him for travel expenses, defendant is now equitably estopped from refusing to reimburse plaintiff for his transportation expenses in this case.
To recover under an equitable estoppel theory, a plaintiff must show that he relied in good faith on the conduct of another party to his detriment. Lizak v. Faria, 96 N.J. 482, 499, 476 A.2d 1189 (1984). See also Miller v. Teachers' Pension & Annuity Fund, 179 N.J. Super. 473, 476-77, 432 A.2d 560 (App.Div.), certif. denied, 88 N.J. 502, 443 A.2d 714 (1981). While good faith detrimental reliance may entitle a plaintiff to relief, "equity will generally conform to established rules and precedents, and will not change or unsettle rights that are created and defined by existing legal principles." Dunkin' Donuts of America v. Middletown Donut Corp., 100 N.J. 166, 183, 495 A.2d 66 (1985). Herein, plaintiff presented no evidence of good faith, detrimental reliance.

III.
Plaintiff next claims that the trial court improperly granted defendant's motion for summary judgment on the issue of tuition expenses. Plaintiff contends that because his former employment with Fireman's Fund involved data input on a computer which required use of both arms, plaintiff's condition, RSD, severely limits his ability to perform these duties without substantial pain. As such, plaintiff is seeking tuition reimbursement for a correspondence course on criminal justice that he is taking. Plaintiff argues that such re-education is necessary given his inability to continue to perform his prior duties as a claims manager with Fireman's Fund Insurance Company. In support of his claim, plaintiff supplied the trial court with *161 letters from his psychiatrist and psychologist, which recommend that, as a benefit to his mental health, plaintiff should attend school to specialize in criminal justice as his previous occupation required data input on computers which involved working with both hands, a task which now allegedly causes plaintiff great discomfort due to his condition. Defendant also supplied a letter addressed to Rose Stapleton, a claims supervisor with defendant, from David Toomey, an attorney representing Fireman's Fund (PMA Group) in another action filed by plaintiff, which indicates that plaintiff's job description with Fireman's Fund called for very little work on computers.
The nature of plaintiff's demand is beyond the contemplation of N.J.S.A. 39:6A-4a and 39:6A-2e. See Stewart by Stewart v. Allstate, supra, 103 N.J. at 142, 510 A.2d 1131 (physician's recommendation that medical expense is "important" or a "valuable addition" to "physical and emotional well-being" and "continuing development" "might be insufficient, standing alone, to meet the statutory definition of a medical expense ..."). Cf. Thermographic Diagnostics v. Allstate Ins. Co., 125 N.J. 491, 593 A.2d 768 (1991). The trial court's determination that plaintiff's tuition expenses were not recoverable was proper.

IV.
Plaintiff also asserts that, instead of granting the defendant's motion for summary judgment regarding alleged unpaid medical and essential services benefits, the court should have denied defendant's motion and ordered further discovery, given the defendant's failure to comply with plaintiff's notice to produce. However, plaintiff never filed a motion to compel discovery, R. 4:23-1(a), or to adjourn the summary judgment motion to allow further discovery. R. 4:46-5(a).
The "evidence" plaintiff relied upon to recover alleged unpaid medical and essential services benefits was incompetent. See R. 1:6-6 and R. 4:46-5. Plaintiff acknowledged in his supporting *162 briefs and affidavits that he was uncertain as to what medical and essential services benefits were actually outstanding. In contrast, defendant submitted the affidavit of Rose Stapleton, who certified that all compensable medical and essential services benefits were paid by defendant in a timely fashion. It was plaintiff's duty to show what expenses, if any, were unpaid. Not surprisingly, the trial court, pursuant to R. 4:46-5(a), granted defendant's motion on this issue. The trial court's ruling on this issue was proper.

V.
Plaintiff's claim that he is entitled to statutory interest for unpaid medical benefits is valid. The trial court's determination of what compensable benefits were not paid within the prescribed time period should be guided by N.J.S.A. 39:6A-5b which requires payment of all compensable expenses within sixty days of written notice of the loss, unless the carrier notifies the insured of the need for additional time. Such additional time should not exceed forty-five days. The method of calculation of statutory interest is set forth in N.J.S.A. 39:6A-5c which provides in pertinent part:
All overdue payments shall bear interest at the percentage of interest prescribed in the Rules Governing the Courts of the State of New Jersey for judgments, awards and orders for the payment of money.
See also R. 4:42-11(a)(ii).
Plaintiff should be awarded statutory interest on the late payments of transportation expenses. Kowaleski v. Allstate Ins. Co., 238 N.J. Super. 210, 217, 569 A.2d 815 (App.Div. 1990).
Reversed and remanded for a hearing to determine reasonable and necessary transportation expenses plus interest; otherwise affirmed.
NOTES
[1] Only $969.70 was for transportation expenses.
[2] Plaintiff served defendant with a notice to produce plaintiff's entire PIP file. Claiming that the file was too voluminous to provide, defendant proposed that plaintiff narrow his request. Plaintiff refused, and as such, the file was never produced.
[3] Although the Appellate Division's holding was reversed, the Supreme Court agreed with the Appellate Division's requirement of a direct nexus as an "abstract proposition." Stewart, supra, 103 N.J. at 142, 510 A.2d 1131.
[4] We had determined in a prior opinion, 196 N.J. Super. 286, 482 A.2d 199, that the cost of hiring attendants to care for the plaintiff was a reasonable medical expense compensable under PIP. Id. at 299, 482 A.2d 199.
[5] We note that for year 1992 the standard deduction authorized by the Internal Revenue Service for taxpayers who use their cars for business travel is twenty-eight cents per mile, while the State of New Jersey authorizes only twenty-five cents per mile.